GILDER *v.* DAVIS *et al.*

. (*Supreme Court, General Term, First Department.* March 31, 1892.)

FACTORS AND BROKERS—CONTRACT—SALE OF LAND—COMMISSIONS.
  A real-estate broker who, for a commission of 5 per cent., agrees to negotiate the sale of certain lands for $125,000 in cash, is not entitled to any commission on a sum paid to him by a third person for the option to purchase within four months, which option is never exercised.

Appeal from circuit court, New York county.
 Action by W. Howard Gilder, as chairman of the purchasing committee of the Western Dressed Beef Company, against John H. Davis and Jennings S. Cox, partners as John H. Davis & Co., to recover money claimed by the latter as commissions under an agreement to effect a sale of lands. At the close of the evidence the complaint was dismissed on the merits. Plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAH/ ·, JJ.
 *W. M. Safford*, for appellant. *Bartlett, Wilson & Hayden*, (*Edward T. Bartlett*, of counsel,) for respondents.

PER CURIAM. This action was brought to recover the sum of $500, which had been retained by the defendants out of moneys received for an option to purchase certain lands in Kansas City, which the defendants had been authorized by the plaintiff to obtain a purchaser for at a price which was fixed in the agreement between the parties. At the close of the testimony the plaintiff moved for the direction of a verdict in his favor, and the defendants moved for a dismissal of the complaint; thus submitting to the court for its determination any question of fact that may have arisen upon any dispute upon the evidence in the case. This judgment should therefore be affirmed unless, upon the undisputed facts, the plaintiff was entitled to recover. An examination of the correspondence between the parties, and the original contract, authorizing the defendants to sell, shows clearly that by the former the arrangement in regard to the payment of any commission which, under the contract itself, the defendants were to receive, upon finding a purchaser who would pay the agreed sum of $125,000, was modified by consent by an agreement by which the payment of any commission was to be dependent upon the option being exercised, and the full amount required to be paid under the option being finally paid to the plaintiff. It will thus be seen that the condition necessary and essential to the defendants' right to receive any commission was not present, and the subsequent failure of the purchasers to avail themselves of the option for which they had paid the $10,000 to the defendants was destructive of the defendants' right to obtain any compensation under the terms of their agreement, for the reason that the final payment as therein

provided, upon the purchase of the land, was never made. But by the original agreement under which the defendants claimed the commission, on the facts proved, they were not entitled to recover. By that agreement they were authorized to proceed with negotiations looking to a sale of this property at a price not lower than $125,000 in cash to the plaintiff; it being understood that the defendants were to receive a commission on such sale of 5 per cent. No such sale was, however, contracted for or consummated, and the plaintiff never received the $125,000 in cash, upon which the defendants were to obtain a commission of 5 per cent. Nor did the defendants ever produce a purchaser able and willing to contract to purchase at that price. What they did obtain was a person who would pay $10,000 for the option to purchase within four months, which option was never exercised or a binding contract made. We are therefore of opinion that the judgment should be reversed, and a new trial ordered, with costs to appellant, to abide the event. All concur.