65 557,<br>38ap 91.

JOHN H. PLATT, Respondent, *v.* JOHN P. KOHLER, Appellant.

*Broker — his commissions — not earned, when no enforceable agreement is made.*

In an action brought by John H. Platt, a real estate broker, against John P. Kohler, to recover commissions alleged to have been earned by the former in selling certain real estate belonging to Kohler, it appeared that the basis of the deal was that Kohler should convey property upon Staten Island, and also pay $1,750 cash, to one Morgenthaler, and should receive from him in return a house on Lenox avenue, in New York city, subject to a mortgage thereon; that Morgenthaler had also employed a broker, named John O. Hoyt, who, after some negotiations, drew up a contract which contained terms different from those mentioned to Kohler.

Morgenthaler signed this contract, which Kohler also subsequently signed, but with the understanding that it was not to be binding upon him until his attorney, Mr. Van Name, had examined it. Kohler also wrote a letter, in which he said that the terms of the bargain were correctly stated in the contract, but it appeared that he then supposed he was bound to pay $1,750 cash, when, in fact, the contract demanded $2,250; and when Mr. Van Name discovered that the terms of the written contract were more onerous than those of the preliminary verbal agreement Kohler discontinued all further negotiations with Morgenthaler.

On appeal from a judgment in favor of the plaintiff:

*Held,* that as no enforceable agreement was ever made between Kohler and Morgenthaler, and as Kohler was not at fault, Platt had not earned any commissions.

That the present case was not one in which a principal had changed his mind and refused to carry out a contract made by the broker upon terms authorized by the principal, but was a case where no benefit had resulted to the principal from the broker's efforts, because Kohler could not compel Morgenthaler to perform, nor recover of him damages for non-performance.

APPEAL by the defendant John P. Kohler from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 10th day of March, 1892, upon a recovery in favor of the plaintiff for $200 and interest, after a trial before a referee.

*C. D. Van Name,* for the appellant.

*Samuel A. Noyes,* for the respondent.

PATTERSON, J.:

The plaintiff sued to recover compensation for services alleged to have been rendered by him as a broker, in negotiating an exchange of property situated on Staten Island and belonging to the plaintiff, for real estate in the city of New York owned by one Morgenthaler. The allegations of employment of the plaintiff by the defendant, of the rendition of service and agreement to pay therefor are denied by the answer. The cause was referred; the referee reported in favor of the plaintiff and from the judgment entered on the report the defendant appeals.

The employment was fully proven, as was also the amount of compensation to be paid the plaintiff if he performed the service for which he was so employed, but the evidence does not show that the plaintiff has earned his commission and does not justify the referee's findings in that regard.

In the transaction of the proposed exchange the plaintiff dealt with Messrs. Hoyt, the brokers of Morgenthaler. The basis of the dealing was that the defendant should, in addition to conveying his Staten Island property, pay $1,750 in money and take a house on Lenox avenue, subject to a mortgage of $18,000. John O. Hoyt testified that the plaintiff and defendant came together to his office in the early part of July, 1891, and the plaintiff spoke of having, as broker, a place of the defendant on Staten Island, to which Hoyt replied he had a house on Lenox avenue he would trade. He states that afterwards his principal (Morgenthaler) agreed to accept $1,750 as the cash consideration to be paid, and on the twenty-first of July the consent of the defendant to that was given, the latter stating he would give that amount in money and the Staten Island property and take the Lenox avenue house, with the mortgage on it. Thus far the parties were in accord, and it is clear no other terms

were ever contemplated by the defendant. The disagreement or misunderstanding results from what followed. Hoyt drew a written contract containing other terms than those mentioned. Morgenthaler signed it. On the twenty-second of July Kohler and the plaintiff called at Hoyt's office. Conversation was had respecting the contract. It was then signed by Kohler, but on the express understanding that it was not to be considered as binding the defendant nor as a delivered instrument until Mr. Van Name, the defendant's attorney, could examine it the following day. The plaintiff, as well as Hoyt, testifies substantially to that. It is also testified to that the defendant criticised the contract as drawn, but limited his declared objection to the shortness of time allowed for the completion of the transaction. It is also true that the defendant signed a letter, in which he states that the terms of the trade are correctly set forth in the contract, but we are convinced that he is right in further stating that he did not observe that he was required by that contract to pay $2,250 instead of $1,750, and it is fully admitted by Hoyt that the contract was incorrectly drawn, for he says that he subsequently offered to have the $500 applied on account of the $1,750. The defendant is not bound by that letter, and to the plaintiff's own knowledge the contract was not to be operative until Van Name examined and approved it. When it was discovered by the defendant's attorney that the contract contained different and more onerous terms than those verbally agreed upon, the defendant had the right to refuse to be bound by it, and he did so.

So far as now appears, the negotiations of the plaintiff with Morgenthaler virtually terminated at that point; and as no enforceable agreement was ever made between Morgenthaler and the defendant, and the latter was not at fault, the plaintiff is not entitled to commissions. The brokers and the defendant had verbally agreed, but Morgenthaler had not become bound. The plaintiff's right to payment depended upon his procuring a person ready and willing to contract in such a way as to be legally bound to perform. His service was incomplete until that was done. Nothing was accomplished of any benefit to the defendant, who could not compel Morgenthaler to perform nor recover damages for non-performance, and nothing of subsequent occurrence changed the relations between the parties.

560 PEOPLE ex rel. COMRS., ETC. *v.* GLAZE.

First Department, October Term, 1892.

On the facts and circumstances disclosed by the proof the referee erred in the conclusion at which he arrived. The case differs essentially from *Barnard* v. *Monnot* (3 Keyes, 203) and like cases cited by the referee to sustain his decision. Where a principal refuses to carry out a transaction made by his broker on terms duly authorized, the broker may recover, for he is not to be deprived of his compensation because the principal retreats or changes his mind. The broker has then done all he can, but where the principal stands ready to perform; to enter into a contract on conditions he has authorized, and the party produced by the broker refuses to conform thereto by entering into a binding obligation, the broker has failed to effect the purpose of his employment; he has not found a person ready and willing to take on the agreed terms, and his principal is not liable for commissions

The judgment must be reversed and a new trial ordered before another referee to be appointed by this court, with costs to the appellant to abide the event.

Van Brunt, P. J , and O'Brien, J., concurred.

Judgment reversed and new trial ordered before another referee to be appointed by this court with costs to the appellant to abide the event.