GEORGE T. CROMBIE et al., Respondents, *v.* GERTRUDE R. WALDO, Appellant.

Plaintiffs, real estate brokers, were employed by defendant to procure a lease of certain real estate owned by her; they negotiated an agreement for a lease, the terms of which she could not perform, nor could she enforce it against the other parties, and procured her to execute the same upon the assurance that it was effectual. *Held*, that an action was not maintainable to recover commissions; that to earn the same they were required to procure a lease, or a valid agreement for one.

(Argued January 18, 1893; decided January 31, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 11, 1892, which affirmed a judgment in favor of plaintiffs entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought by plaintiffs to recover commissions claimed to have been earned by them as real estate brokers.

· The plaintiffs were real estate brokers in the city of New York, and the defendant owned certain real estate in that city. In June, 1889, the plaintiffs undertook to procure for her a lease of the real estate by the school trustees of the twelfth ward of the city of New York and they procured the execution of the following agreement by her and the school trustees:

" Agreement made this tenth day of December, in the year one thousand eight hundred and eighty-nine, between Gertrude R. Waldo, of the city of New York, party of the first

part, and the Trustees of Common Schools for the Twelfth Ward of the city of New York, parties of the second part, as follows :

" The said party of the first part, for and in consideration of the agreement of the said parties of the second part hereinafter mentioned, hereby agrees to erect, in accordance with the suggestions of the superintendent of school buildings appointed by the board of education of the city of New York, and as per plans to be made by John P. Leo, architect, and approved by the said superintendent of school buildings, a four-story brick building, upon the four lots of land owned by the said party of the first part, situate on the northerly side of Eighty-ninth street, between First and Second avenues, in the city of New York, described together, as follows : Beginning at a point on the northerly side of Eighty-ninth street, distant one hundred feet easterly from the corner formed by the intersection of the easterly side of Second avenue with the northerly side of Eighty-ninth street, and running thence easterly along the northerly side of Eighty-ninth street, at least one hundred feet ; thence northerly parallel with Second avenue, at least one hundred feet ; thence westerly parallel with Eighty-ninth street, at least one hundred feet, and thence southerly parallel with Second avenue, at least one hundred feet, to the point or place of beginning. Said building to be so erected by the said party of the first part at her expense and to be completed on or before the first day of May, 1890, and approved by the said superintendent of school buildings.

" And the said party of the first part, for the consideration aforesaid, hereby further agrees that when the said building shall be so completed and approved of by the said superintendent of school buildings, she will then make and execute a lease to the said parties of the second part, of the said building and lots of land, for the term of ten years from the time of such completion and approval, at an annual rent therefor, to commence from that time, of eight thousand dollars and taxes, with the privilege to said parties of the second part of

a renewal of said lease for an additional term of ten years, at the same annual rent and taxes, said lease and renewal to contain the usual fire clause.

" And the said parties of the second part, for and in consideration of the foregoing agreement of the said party of the first part, hereby agree that if the said building is so erected and completed, as above mentioned, and is approved of by the said superintendent of school buildings, they will then, on their part, execute the said lease.

" In witness whereof, the said parties hereto have hereunto set their hands and seals the day and year first above written.

|  |  |
|---|---|
| " GERTRUDE R. WALDO, | [SEAL.] |
| " JOHN WHALEN, | [SEAL.] |
| " WM. E. STILLING, | [SEAL.] |
| " LEOPOLD WORMSER, | [SEAL.] |
| " ANTONIO RASMIS, | [SEAL.] |
| " ROBT. E. STEIL, | [SEAL.] |

" *Trustees of Common Schools for the Twelfth Ward of the City of New York.*"

The plaintiffs claimed that they were entitled to commissions as brokers for procuring the execution of that agreement. The defendant refused to pay them, and then they brought this action to recover the commissions. Further facts appear in the opinion.

*Charles J. Buchanan* for appellant. The agreement between defendant and the trustees of common schools, etc., is only a conditional agreement for a lease of the premises therein named. Neither the trustees nor the defendant could ever have enforced its specific performance. (*Brown* v. *N. Y. C. & H. R. R. R. Co.*, 44 N. Y. 79; *Sibbald* v. *B. I. Co.*, 83 id. 378.) It was error for the trial judge to admit in evidence the agreement offered as such, as an agreement for the lease. The complaint should have been dismissed at the close of plaintiff's case. (*Mooney* v. *Elder*, 56 N. Y. 238; *Sibbald* v. *B. I. Co.*, 83 id. 378; *Lloyd* v. *Matthews*, 51 id. 124.)

*Langbein Bros. & Langbein* for respondents. Plaintiffs performed their duty as real estate agents and brokers under their employment by the defendant when the " agreement to lease " was executed by her and the trustees of the common schools for the Twelfth ward of the city of New York. (*Barnard* v. *Monnot,* 1 Abb. Ct. App. Dec. 108; 33 How. Pr. 440; 42 N. Y. 203; *Smith* v. *McGovern,* 65 N. Y. 574; *Lloyd* v. *Matthews,* 51 id. 124; *Sussdorf* v. *Schmidt,* 55 id. 320; *Jewett* v. *Emson,* 2 Robt. 165; *Stillman* v. *Mitchell,* 2 id. 523; *Bach* v. *Emerich,* 3 J. & S. 548; *Simons* v. *Kissich,* 4 Daly, 143; *Glennorth* v. *Luther,* 21 Barb. 145; *Levy* **v.** *Coogan,* 16 Daly, 137; *Dexter* v. *Campbell,* 137 Mass. 198; *Pantvin* v. *Curian,* 13 Neb. 302.) Under the complaint in this action the stipulation of May 7, 1891, was properly received in evidence, and the jury had a right to render the verdict they did, or they could have rendered a verdict for the full amount claimed. (*Evans* v. *Kalbfleisch,* 16 Abb. [N. S.] 13; Code Civ. Pro. §§ 539, 540; *Sussdorf* v. *Schmidt,* 55 N. Y. 319; *Smith* v. *Lippencott,* 49 Barb. 398; *Scott* v. *Lillenthal,* 9 Bosw. 224.) Plaintiffs having been the procuring cause of the " agreement to lease," and the question of fraud having been fairly submitted to the jury upon the conflict of testimony as to any fraud, deception or misrepresentation upon the part of the plaintiffs · in procuring the same, the verdict upon the *quantum meruit* of their services should stand. (*Holman* v. *Dard,* 12 Barb. 236; *Moss* v. *Sherrill,* 63 id. 21; *Cheney* v. *N. Y. C. R. R. Co.,* 16 Hun, 415; *Commrs., etc.,* v. *Backus,* 29 How. Pr. 33; *Pope* v, *Allen,* 9 Wkly. Dig. 408; Code Civ. Pro. § 999; *Taylor* v. *Guest,* 58 N. Y. 262; *Jaeger* v. *Kelly,* 52 id. 274; *Foote* v. *Beecher,* 78 id. 158; *People* v. *Goazales,* 25 id. 60; *Forrest* v. *Forrest,* 25 id. 510; *Simon* v. *Canady,* 53 id. 298.)

*Per Curiam.* The plaintiffs entered upon their employment to procure the school trustees to take a lease of the defendant's premises and they cannot recover until they establish that they have earned their commissions either by nego-

tiating a lease or procuring the execution of a valid and binding agreement for a lease. It is not sufficient that the trustees and the defendant were brought together in a negotiation unless that negotiation ended in a lease or a valid agreement for one. It is not claimed by the plaintiff that a lease of the premises by the trustees was effected. But the claim is that they were entitled to their commissions because they procured the execution of the agreement above set out. That agreement was drawn by them without any direction or suggestion from the defendant. It appears to have been wholly their work and to have been the best agreement they could procure the school trustees to execute; and they procured the defendant to execute it upon their assurance that it would be effectual. It is very clear that it was of no value to the defendant, that it was practically ineffectual for any purpose, that it did not bind the school trustees; that it could not be enforced against them; that it could not be performed by her and that it was a practical nullity. It was dated on the tenth day of December. The building was to be completed on or before the first day of May following, and the proof is clear and undisputed that it could not have been completed within that time. No plans were drawn for the building and it was not then known what kind of a building would be required to be erected. It was to be erected in accordance with the suggestions of the superintendent of school buildings, and what they would be was not known. The building when completed was to be approved by the superintendent of school buildings, and the school trustees were not bound to take a lease until the building was completed and such approval had been given. The cost of the building could not then be known　The school trustees agreed only to take a lease of the building in case it was erected in accordance with the suggestions of the superintendent, and according to the plans thereafter to be prepared by the architect named and approved by the superintendent and in case the building was approved by the superintendent after its completion　The contract was one which the defendant could not

perform and which she could not enforce. Neither of the parties stood in any better position than they did before it was executed. For merely procuring the execution of such a paper it cannot be said, either that the plaintiffs had procured a lease for the defendant or a valid agreement for a lease or that they had in any way earned their commissions.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.