(11 Misc. Rep. 372.)

## LEVY v. KOTTMAN.

(Common Pleas of New York City and County, General Term.   February 4, 1895.)

1. CONTRACTS—CONSTRUCTION—WHEN A QUESTION AT LAW.
     Where there is no ambiguity in the terms of a contract, it is the province of the court, and not of the jury, to determine its meaning.

2. FACTORS AND BROKERS—COMMISSIONS—PROCURING PURCHASER.
     Defendant signed a writing as follows: "Received from C. the sum of $50 on account of contract price of $25,500 on the sale of premises  *  *  *; $950 to be paid on this day, and $24,500 on the delivery of the deed, the contract to be made at the office of N." *Held*, that such writing was not a contract for the purchase and sale of the premises, but was merely an option, and therefore did not entitle plaintiff, who brought the parties together, to commissions as having procured a purchaser.

Appeal from city court, general term.

Action by Morris Levy against Elizabeth E. Kottman for commissions as a broker.   From a judgment of the city court (28 N. Y. Supp. 1150) affirming a judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. . Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Edward W. S. Johnston, for appellant.
J. L. Weinberg, for respondent.

BOOKSTAVER, J.   This action was brought for broker's commissions under an employment to procure a purchaser of certain real estate in the city of New York.   The plaintiff brought to the defendant one Israel M. Cohen, who, after some negotiation, made a verbal agreement to pay $25,500 for the property, and gave the defendant $50 on account thereof, and procured her to sign the following paper:

"New York, June 6th, 1892.
   "Received from I. M. Cohen the sum of fifty dollars, on account of contract price of $25,500 on the sale of premises known as 264 Delancey street, New York; $950 to be paid on this day, and $24,500 on the delivery of the deed; the contract to be made at the office of Jacob Manheim, 280 Broadway.
     "[Signed]                                   Elizabeth E. Kottman."

This receipt was given, and the payment made, on Sunday, June 6, 1892, and it is uncontradicted that the purchaser made no other payment than this $50.   It is conceded that the pretended purchaser never made a written contract to buy the house, and that no other contract was subsequently entered into, and that the defendant was notified that the purchaser would not sign the contract, and that it was the voluntary act of the purchaser that he did not pay the $950 on the day he agreed to do so; that he could have done so if he had desired, but did not; and that he never signed the foregoing paper, or any other to purchase the house, and that he did not appear at the appointed time and place to sign the contract contemplated in the paper.   This $50 was paid to defendant's husband, and he testified:

"I was a little shy about taking the $50. I told him then and there that I took that on condition only that it was to hold over; that I would make no arrangement for any other purchaser between now and to-morrow morning at ten o'clock, when we would draw a contract. * * * I then said: 'Gentlemen, bear this in mind: I am taking this on condition that the contract will be drawn to-morrow at ten o'clock, at a certain place, and I claim that the commission is due at the signing of the contract.' * * * I never saw the purchaser, Cohen, after being in there, until one day last week, in the court-room here."

The defendant moved to dismiss the complaint, both when plaintiff rested and at the close of the whole case, on the grounds: (1) That the plaintiff had not established a cause of action, had not complied with the agreement to procure a purchaser, and had only procured an option, and that even that was not complied with, as the purchaser did not pay the $950 on the day agreed; (2) that no employment is shown by the defendant, or ratification of any employment, and on the ground that the broker had not procured a purchaser ready, able, and willing to complete, or one who would enter into any contract that could be enforced; and (3) that the alleged contract was illegal, having been made on a Sunday. In submitting the case to the jury, the court, among other things, said that they had heard the evidence, and the receipt (being the paper before recited) would be handed to them, and that it was for them to say what that receipt imported; in other words, it was submitted to the jury to determine the legal import of this paper. This was clearly error. There was no ambiguity in it, and it was the duty of the court, and not of the jury, to determine its import and meaning. Dwight v. Insurance Co., 103 N. Y. 341, 350, 8 N. E. 654; Glacius v. Black, 67 N. Y. 563; Lomer v. Meeker, 25 N. Y. 361. For this error alone the judgment should be reversed. But, in our opinion, there is a fatal difficulty which will prevent the plaintiff recovering in any event. It is clear the receipt given in evidence is not a binding contract upon the parties, and was not intended by them so to be. It expressly provided for the making of a binding contract at the office of Jacob Manheim, 280 Broadway, and, although the paper itself does not show when this contract was to be made, it appears from the uncontradicted evidence that it was to be on the following day, and the pretended purchaser on the following day failed to appear at Mr. Manheim's office, nor did he at any time offer to execute any contract in regard to the purchase of this house, although the defendant, as far as the testimony shows, was at all times willing to complete the contract according to its terms. Moreover, he failed to pay the $950, which he had agreed to do, at the time agreed. It is too well settled to require the citation of authority that before a broker becomes entitled to his commission he must procure a purchaser ready, able, and willing to complete the purchase. This it is clear the plaintiff did not do. The receipt was not an agreement to purchase, and was not signed by him, and could not be enforced by the defendant against him. The testimony of the defendant's husband and the paper itself show that it was a mere option to purchase, for which he paid $50, and was to be good until the following day; then the purchaser, by failing to appear,

forfeited his option, and that was the end of the defendant's contract as set forth in the receipt. In Platt v. Kohler, 65 Hun, 557, 20 N. Y. Supp. 547, it was said that:

"As no enforceable agreement was ever made between Kohler and Morganthau, and as Kohler was not in fault, Platt, the plaintiff, had not earned any commissions, and that the present case was not one in which a principal had changed his mind, and refused to carry out a contract made by the broker upon terms authorized by the principal; but was a case where no benefit had resulted to the principal from the broker's efforts, because Kohler could not compel Morganthau to perform, nor recover from him damages for nonperformance."

In Bennett v. Egan, 3 Misc. Rep. 421, 23 N. Y. Supp. 154, the court says:

"Whenever the broker's services have resulted in such a complete meeting of the minds of both vendor and vendee, he is, in the absence of an express stipulation to the contrary, entitled to the compensation agreed upon, or to the usual commission, although the vendor changes his mind, and refuses to enter into a written contract. In such a case the vendor cannot, by his own wrongful act, deprive the broker of his commission. On the other hand, as long as the vendor insists upon something which he has a right to insist upon as a condition of sale, and to which the vendee refuses to assent, in consequence of which disagreement the vendee refuses to enter into an enforceable contract, it cannot be held that the broker procured a complete meeting of the minds of both vendor and vendee. This proposition is self-evident."

In the case last cited the written contract or receipt was stronger than in this, and was signed by both parties, not by the seller alone; and in relation to it the court said: "The question therefore arises whether the written instrument, of itself, was or was not an enforceable contract for the sale and purchase of the real estate therein referred to"; and, after a full discussion of all the authorities, concludes that it was not. In Crombie v. Waldo, 137 N. Y. 129, 32 N. E. 1042, the plaintiffs, real-estate brokers, were employed by defendant to procure a lease of certain real estate owned by her. They procured the execution of an agreement by the trustees of common schools for the Twelfth ward of the city of New York. That agreement was a conditional agreement, upon which neither the trustees nor the defendant could have enforced specific performance; and the court said:

"The contract was one which the defendant could not enforce. Neither of the parties stood in any better position than they did before it was executed; for merely procuring the execution of such a paper, it cannot be said either that the plaintiffs had procured a lease for the defendant, or a valid agreement for a lease, or that they had in any way earned their commissions."

And in Condict v. Cowdrey, 139 N. Y. 274, 34 N. E. 781, the court says:

"To entitle a broker to recover commissions on a sale of real estate where the contract with him requires a sale to be effected through his agency, it is not sufficient to show a provisional arrangement which has failed because of the nonfulfillment of a condition not dependent upon the action of the vendor, but a binding and enforceable agreement for the sale and conveyance of the land must be proved."

See, also, Barnes v. Roberts, 5 Bosw. 73; Jewett v. Emson, 2 Rob. (N. Y.) 165; Gilder v. Davis (Sup.) 18 N. Y. Supp. 544; Wall v. Illuminating Co. (Sup.) 4 N. Y. Supp. 697; Dwyer v. Raborn (Wash.)

33 Pac. 350. This case is just the reverse of Simonson v. Kissick, 4 Daly, 143, in which $75 had been paid on account of and as part of the purchase price, and the court held that the agreement entered into was one which a court of equity could specifically enforce, and not a mere option, as we think this agreement undoubtedly is. It also differs from other cases cited by plaintiff's counsel where the vendor, and not the vendee, refused to complete the purchase. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant, to abide the event. All concur.