(17 Misc. Rep. 573)

FUSCO v. BULLOWA.

(Supreme Court, Appellate Term. First Department. July 28, 1896.)

REAL-ESTATE AGENT—COMMISSIONS.

A real-estate agent, employed to lease property, procured the proposed lessee to sign a paper reciting the payment of money on account of deposit, to be paid on the signing of the proposed lease, but such writing did not

contain any promise to take a lease, nor were any terms specified. *Held,* that there was neither a lease, nor an agreement for a lease, and therefore the agent was not entitled to commissions.

Appeal from First district court.

Action by Henrico Fusco against Arthur M. Bullowa to recover broker's commissions for effecting a lease of real property, at defendant's instance and request. Judgment was rendered in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

F. E. M. Bullowa, for appellant.

John Palmieri, for respondent.

BISCHOFF, J.   The plaintiff sued to recover upon the defendant's agreement with him to pay the usual broker's commissions in consideration of the former's procurement of a lessee for certain real property. The judgment of the court below, which was in the plaintiff's favor, was predicated on the fact that he had procured one Francesco Pennachio to sign the following instrument with the defendant.

"New York, Dec. 2nd, 1895.

"Received from Mr. Francesco Pennachio fifty $^{00}/_{00}$ dollars, on account of the deposit of $400 to be paid on the signing of the lease for No. 100 Mott street, from Jan'y 1st, 1896. Lease to be signed on Wednesday, at 12 o'clock, Dec. 4th, 1895. Lease to be for ten years."

Pennachio had subsequently refused to execute the lease.

That the instrument above set forth effected nothing more than an option on Pennachio's part to enter into a future lease, the terms of which remained to be agreed upon, is apparent from mere inspection. It does not even specify what rent the lessee was to pay, or how he was to pay it. The minds of the parties had not met. It was therefore not a lease, nor an agreement for a lease, and was equally unenforceable against Pennachio at law and in equity. Levy v. Kottman, 11 Misc. Rep. 372, 32 N. Y. Supp. 241. The statute of frauds (Rev. St., Banks' Bros. 7th Ed., c. 7, tit. 1, §§ 6, 8, 3) required the lease, exceeding one year, to be in writing; and the duty of the plaintiff, the performance of which was a condition precedent to his right of recovery, to procure a person to enter into a valid and enforceable lease, or agreement for a lease (Condict v. Cowdrey, 139 N. Y. 273, 34 N. E. 781; Levy v. Kottman, supra), was not fulfilled.

The judgment should be reversed, and a new trial had, with costs to appellant to abide the event.   All concur.