TRAVIS v. GRAHAM.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

REAL-ESTATE BROKER—COMMISSIONS.
    One who employs a real-estate broker to negotiate a sale of land cannot, in an action by the broker to recover his commissions, avail himself of the objection that the customer procured by the broker is not able to pay for the premises, if he has accepted such purchaser as satisfactory, and has conveyed the premises to him.

Appeal from trial term, Westchester county.
Action by Egbert B. Travis against John D. Graham. From a judgment in favor of defendant, directed by the court, plaintiff appeals. Reversed.
Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Eugene B. Travis, for appellant.

WILLARD BARTLETT, J.   This is an action by a broker to recover commissions for negotiating a sale of real estate.   After the evidence was all in on both sides, and counsel had summed up the case, the learned judge who presided at the trial, without any motion to that effect, directed the jury to find a verdict for the defendant.   He stated his reasons for taking this course in a short oral opinion, in which he assumed that there was sufficient proof to warrant the jury in finding that the defendant had employed the plaintiff to procure a purchaser of his property, and that the plaintiff actually did produce a purchaser who was ready to buy, and to whom the defendant subsequently conveyed the premises; but he held, in substance, that the plaintiff was not entitled to recover any-thing because the customer so procured did not in fact pay the money which he agreed to pay as a consideration for the convey-ance.   We are of the opinion that one who employs a real-estate broker to negotiate a sale of land cannot avail himself of the ob-jection that the customer procured by the broker is not able to pay for the premises, after he has accepted such purchaser as satis-factory, and has conveyed the property to him.   The broker under-takes to bring the minds of the seller and buyer together in an agreement to sell and purchase, wherein the price and terms shall be satisfactory to both.   Sibbald v. Iron Co., 83 N. Y. 382; Folins-bee v. Sawyer (Super. Buff.) 28 N. Y. Supp. 698.   There can be no more conclusive evidence that he has done this than the execution and delivery of a deed of the land by the seller to the purchaser. The proof indicated that the consideration for the conveyance was very much less than the sum stated in the complaint, but upon all the evidence in the case the jury, if they believed the testimony of the plaintiff, might well have awarded him compensation for his services in some amount, and it was therefore error to direct a verdict for the defendant.   Judgment reversed, and new trial granted, costs to abide the event.   All concur.