### INGE v. McCREERY.

(Supreme Court, Appellate Division, Second Department. April 26, 1901.)

1. APPEAL—FINDINGS OF FACT.
    Where there is evidence to support the findings of fact of the trial court, they will not be reviewed on appeal.

2. BROKERS—SALE OF PROPERTY—COMMISSIONS.
    Where a broker introduces to his principal a customer who represents that he is able to comply with the terms and conditions named by the principal, but the customer fails to meet the terms and conditions proposed by the principal, which are within the terms formerly suggested to the broker, the latter is not entitled to compensation.

Appeal from special term.

Action by Stark H. Inge against James McCreery to recover compensation for services as a broker. From a judgment of the special term of the supreme court in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Louis Van Doren, for appellant.
James MacGregor Smith, for respondent.

WOODWARD, J. This action was brought to recover broker's commissions upon the sale of certain property described in the complaint, and belonging to the defendant. There is no substantial dispute that the plaintiff entered into a contract with the defendant in respect to a sale of this property, and it is agreed that the amount

of the compensation was to be 1 per cent. upon the amount of the purchase price of the property, which was to be $450,000. The plaintiff claims that the sum was due and payable upon his having brought a customer to the defendant who was willing to purchase the property under the terms and conditions mentioned by the defendant in a certain letter, referred to upon the trial as a "contract," written to one Wagner, the plaintiff's so-called "customer." This letter merely mentions the terms and conditions under which the defendant is willing to sell. It was in evidence that this letter was procured from the defendant, not as expressing any contract between the parties, but for the purpose of enabling Wagner to use the same in promoting the sales of certain property he was supposed to have owned in Chicago, to the end that he might be in a condition to enter into the agreement proposed. It appears that Wagner was never able to comply with the terms suggested by the defendant, and he subsequently wrote a paragraph on the bottom of defendant's letter in which he agreed to purchase the property under the terms proposed. This so-called "contract" was sold to one Halter for certain mining stocks, and upon this basis the plaintiff claims the right to recover the commissions. The defendant's theory of the case was that the contract between plaintiff and defendant was that the plaintiff should be paid his commissions in installments,—$1,000 upon the purchaser taking title, another $1,000 upon the building (to be constructed under the provisions of a building loan) reaching a certain stage of completion, and so on until the entire sum had been paid. Wagner never complied with the terms proposed by the defendant, among which was the production of a bond of a surety company for $25,000 that he would comply with the provisions of the building loan; and the property was subsequently sold to Halter, though not under the provisions of the so-called "contract" which the latter had purchased from Wagner,—the defendant having distinctly repudiated that proposition as having any binding force as a contract. There was a conflict of evidence upon the issue thus raised. The rule is well established in this state that, where there is evidence to support the determination of the court, the finding of fact is conclusive; but, if the rule were otherwise, we should have no difficulty, upon a reading of the evidence, in concurring in the decision of Mr. Justice Gaynor at special term, in which he says:

"I do not think the commission was earned. It was not an undertaking on the part of the broker to get a purchaser to take the property and pay the money. It was more than that. He was to get some one to erect a large building, and for Mr. McCreery to make a builder's loan for that purpose. That contract was never made. It could not be until the character of the building was determined, and all the conditions respecting it agreed upon. That seems never to have occurred at all. This is all on the assumption that this underwriting to that letter was made at the meeting, as the plaintiff says. The burden of proof is that he is mistaken in that; that it was never done at all, but, when Wagner got in with Halter, he added that to it and transferred it to Halter."

The plaintiff himself admits that the agreement between himself and the defendant in reference to the payment of the commissions

was as stated by the defendant, corroborated by his attorney, who was present when the agreement was made, but seeks to avoid the effect of this admission by claiming that it was made subsequent to the original contract of employment, and was therefore without any new consideration. This is a fair sample of the attitude of the plaintiff throughout the trial. The evidence, it seems to us, is conclusive that the plaintiff never brought to the defendant a person who was able and willing to take the defendant's property under the terms and conditions prescribed by the latter. Wagner never secured the $25,000 bond provided for by the terms of the letter, and he refused to sign the contract proposed by defendant's attorney. The most that can be said of plaintiff's case is that he introduced to the defendant a man who represented himself to be able and willing to comply with the terms and conditions named by the defendant; that this person utterly failed to meet the conditions of sale imposed by the defendant, acting in a reasonable and prudent manner, and within the terms suggested to the broker; and that no sale of the premises resulted through the instrumentality of the plaintiff. The general rule is well established that, where a broker is employed in reference to a sale or exchange of real estate, when he brings to the seller a buyer who is willing and ready to enter into an agreement with the seller for the purchase of the property, on the terms which the seller has fixed, and the seller is satisfied to accept him as a purchaser, then the broker has earned his commission. But when a broker, as a part of his employment, assumes to execute for his principal an executory contract of sale or exchange, he does not become entitled to his commission unless the other contracting party is able to perform the contract on his part. Kalley v. Baker, 132 N. Y. 1, 7, 29 N. E. 1091, and authorities there cited. The opinion of the court in Crombie v. Waldo, 137 N. Y. 129, 32 N. E. 1042, in connection with the facts in that case, seems to be conclusive upon the point urged by the plaintiff in the case at bar; and, as it fully sustains the view taken by the learned court at special term, nothing remains for this court except to affirm the judgment.

The judgment appealed from should be affirmed, with costs. All concur.