### KRONENBERGER v. BIERLING.

(Supreme Court, Appellate Term. March, 1902.)

REAL ESTATE BROKERS—RIGHT TO COMMISSIONS.

Where a real estate broker brought an intending purchaser to the owner's agent, and the parties came to a complete understanding as to price and terms,—a deposit even being made by the purchaser,—but no memorandum or receipt was signed by either of the parties, and afterwards the purchaser refused to complete the contract, the broker was not entitled to his commissions.

Appeal from municipal court, borough of the Bronx, Second district.

Action by Jacob Kronenberger against Otto M. Bierling. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Richard N. Arnow, for appellant.
Hugo H. Ritterbusch, for respondent.

GREENBAUM, J. The plaintiff, as a real estate broker, brought this action to recover $100 as his commission for effecting the sale of premises No. 1430 Prospect avenue in behalf of the owner, the defendant. The undisputed facts show that the plaintiff brought one Charles Lindner, a then intending purchaser, to Mrs. Bierling, defendant's mother, who was authorized to act for him, with the result that the parties came to a complete understanding as to price and terms. Indeed, a deposit of $200 was given by Lindner to Mrs. Bierling, and the parties separated with the understanding that a formal contract was to be drawn up within two or three days. No memorandum or receipt had been signed by either of the parties. Mr. Lindner changed his mind, and refused to enter into any contract with the plaintiff, who stood ready to execute an agreement of sale upon the agreed terms. The case of Levy v. Kottman, 11 Misc. Rep. 372, 32 N. Y. Supp. 241, seems to be decisive in disposing of this appeal.

See, also, Diamond & Co. v. Hartley, 38 App. Div. 87, 55 N. Y. Supp. 994. No contract was here made between the parties whom the plaintiff brought together. The understanding did not even constitute an option, so that neither was legally bound to carry it into effect. The judgment must be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.