### ALT et al. v. DOSCHER.

(Supreme Court, Appellate Division, Second Department.    March 3, 1905.)

BROKERS—CONTRACTS—FULFILLMENT—COMMISSIONS.

> Where a broker, under a general contract of employment to sell real estate, obtained a purchaser satisfactory to his principal, who made an enforceable contract of sale without being induced so to do by any representations of the broker as to the purchaser's responsibility, and without any bad faith on the broker's part, the latter was entitled to commissions, though without the principal's fault the vendee failed to perform the contract solely because of the lack of sufficient financial responsibility at the time the contract was executed.

> [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, § 97.]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Charles Alt and another against Claus Doscher. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Henry F. Cochrane, for appellant.
George C. Buechner, for respondents.

MILLER, J. The plaintiffs bring this action to recover commissions claimed to have been earned by them as real estate brokers in negotiating a contract of purchase and sale of certain real estate between the defendant and one Lipsky. It is undisputed that through the instrumentality of the plaintiffs a valid and enforceable contract was entered into between the defendant and said Lipsky for the purchase of said real estate by said Lipsky for the sum of $21,450, and that the sum of $715 was paid on the contract by the vendee; that, after obtaining one extension of time in which to complete the purchase, the vendee failed to perform the contract by reason of his inability to complete the payments called for. The terms of the contract of plaintiffs' employment by the defendant were disputed on the trial, the plaintiffs claiming that they were to receive 2 per cent. commissions, nothing being said at the time of the employment as to the time of payment; the defendant claiming that 1 per cent. was to be paid at the time of the making of the contract, and 1 per cent. at the time of closing title.

The judgment rendered resolves this question in favor of the plaintiffs, and, while the plaintiffs admitted that the defendant did state at one time or another that he would pay 1 per cent. at the time of making the contract and 1 per cent. at the time of closing title, yet their evidence was to the effect that these statements were made subsequent to the time of making the contract of employment, and that the statements were not assented to by the plaintiffs. It also appeared that upon another sale effected by the plaintiffs for the defendant under the same contract of employment the whole commissions were paid at the time of making the contract of purchase and sale. The defendant also claimed that the plaintiffs represented to him before the contract of sale was made that the vendee was able to perform. Assuming that the pleadings sufficiently raised this issue, the proof did not disclose that the defendant was induced to enter into the contract by reason of any representations on the part of the plaintiffs as to the financial responsibility of the intending purchaser, and it was claimed by the plaintiffs that the only statement made by them was that the proposed vendee had money, or was a man of means; and the vendee, called as a witness by the defendant himself, testified that he did have at the time $3,500 in money, and diamonds worth $600 or $700. The question as to the good faith of the plaintiffs, and as to their making any representations to induce the making of the contract, relied upon by the defendant, is also determined in favor of the plaintiffs' contention by the judgment appealed from.

Whatever opinion an appellate court might form from this record as to the facts, it cannot be said that these findings are unsupported by evidence. The undisputed evidence does, however, establish the fact that the proposed vendee at the time of the making of the contract did not have sufficient means to pay the sum which he engaged to pay. The question is therefore presented whether a broker, under a general contract of employment for the sale of real property, who obtains a purchaser satisfactory to his principal, with whom the principal makes an enforceable contract of purchase and sale, without being induced so to do by any representation of the broker as to the ability of the proposed purchaser to perform his contract, and without any bad faith on the part of the broker, can recover his commissions, where, without any fault on the part of the principal, the vendee fails to perform his contract solely because of the lack of sufficient financial responsibility at the time of the making of the contract. Some confusion seems to have attended the consideration of this question, resulting from lack of uniformity of expressions employed by the courts, rather than in the points actually decided in adjudicated cases. While support may be found for the contention of the defendant in some decisions in other jurisdictions, I think, when considered from the standpoint of the question actually decided, the question may be regarded as clearly settled by the decisions of this state in support of the broker's right to recover in such case, notwithstanding many expressions may be found indicating a contrary view. It has been stated that, in order to recover, the broker must show that he produced a customer "not only willing but able to purchase"; but it will be found that such language has been employed in cases where no enforceable contract was made (Woolley v. Lowen-

stein, 83 Hun, 155, 31 N. Y. Supp. 570; Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790), or where the broker, as a part of his employment, assumes to execute for his principal an executory contract of sale or exchange, or where the contract is provisional only (McGavock v. Woodlief, 20 How. [U. S.] 221, 15 L. Ed. 884; Inge v. McCreery, 60 App. Div. 557, 69 N. Y. Supp. 1052). If we consider the question from the standpoint of what the broker engages to do, all difficulty is removed. Adopting the definition of Story, quoted with approval by Judge Finch in Sibbald v. The Bethlehem Iron Company, 83 N. Y. 378, 381, 38 Am. Rep. 441, "a broker is an agent employed to make bargains." Where, therefore, there are no express stipulations in the contract of employment varying the general rule, his contract is performed when, with him as the procuring cause, a bargain has been made; in other words, when a purchaser has been produced, satisfactory to his principal, and there has been a meeting of the minds of the parties to the contract of purchase and sale, so that an enforceable, binding contract is made. To the effect that the commissions are then due, see Mooney v. Elder, 56 N. Y. 238, and Gilder v. Davis, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398, although in the latter case the question was not necessarily involved, and Judge Earl uses the language that, "when a broker employed to negotiate a sale of real estate brings to his employer a responsible purchaser, willing to buy upon the terms prescribed, he has earned his commissions," which is undoubtedly the rule where no enforceable contract is made, and the broker seeks to recover notwithstanding a capricious refusal of his principal to make a contract. The reason for requiring proof of the responsibility of the intending purchaser in such a case as a condition of recovery is plain, and rests, not upon the proposition that the broker undertakes to guaranty the responsibility of the purchaser, but because his contract is to effect a bargain; and if he produces a responsible purchaser, ready to contract, his principal cannot defeat his right to commissions by capriciously refusing to make the contract. Such proof is required, not because he contracts to guaranty responsibility, but because he must prove, before he can recover, that the failure to make a contract was the fault of his principal, and not his own. The case of Brady v. Foster, 72 App. Div. 416, 75 N. Y. Supp. 994, decided by this court, is not an authority for the appellant's contention. In that case the proof tending to show insolvency of the purchaser related to a time subsequent to the making of the contract of purchase and sale. The cases of Condict v. Cowdrey, 139 N. Y. 273, 34 N. E. 781, and Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601, relied upon by the appellant, simply establish the proposition that the broker, in order to recover, must prove performance on his part, and that proof of a provisional agreement only, not followed by a binding and enforceable contract, is not sufficient to establish such performance. The distinction between an engagement to consummate a sale and one simply to bring about a meeting of the minds of the parties upon an agreement of sale is clearly pointed out by Mr. Justice Hatch in Folinsbee v. Sawyer (Super. Buff.) 28 N. Y. Supp. 698, and the distinction between the obligation of a broker merely to effect a bargain and one who also engages as attorney to convey the property is clearly stated in Glentworth v. Luther, 21

Barb. 145.   In the case of Knapp v. Wallace, 41 N. Y. 477, it was held that a broker employed to purchase real estate earns his commissions when he has in good faith brought to his employer a vendor who makes a written contract with him for the sale of the property, notwithstanding the vendor could not perform his contract by reason of a defect in his title.   This case is cited with approval in Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542, in which it was, in effect, held that a broker employed to effect an exchange of real estate, in the absence of an express agreement to the contrary, could recover his commissions where a contract for exchange had been entered into between his customer and the person with whom the exchange was to be effected, notwithstanding such person could not convey the title bargained for.   It was held by this court in the case of Travis v. Graham, 23 App. Div. 214, 48 N. Y. Supp. 736, that "one who employs a real estate broker to negotiate a sale of land cannot avail himself of the objection that the customer procured is not able to pay for the premises, after he has accepted such purchaser as satisfactory, and has conveyed the property to him."   If, in place of the words in the paragraph quoted, "has conveyed the property to him," should be substituted, "has entered into an enforceable contract of purchase and sale with him," an equally correct proposition would be stated, based upon the same principle and authority.

The judgment appealed from should be affirmed, with costs.   All concur, except HOOKER, J., not voting.