## MARSHALL v. GOODMAN.

### (Supreme Court, Appellate Term.   May 9, 1912.)

BROKERS (§ 54*)—FAILURE TO COMPLETE TRANSACTION—REFUSAL OF PRINCIPAL—ABILITY OF OTHER PARTY.

> Where a broker has been employed to sell on terms fixed by the seller, he cannot recover commissions on a mere refusal of the seller to go on with negotiations, without showing that the buyer produced by him was ready, able, and willing to purchase on those terms.

> [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Morgan Marshall against Raymond Goodman.   From a judgment entered in favor of the plaintiff in the Municipal Court of the City of New York after a trial before the court without a jury, defendant appeals.   Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY and GERARD, JJ.

Isidor Cohn, of New York City, for appellant.
Milton J. Gordon, of New York City, for respondent.

GERARD, J.   This action was brought by plaintiff, a real estate broker, to recover his commissions for procuring a purchaser for the defendant's liquor store and business.   The plaintiff claimed employment to sell for $5,600, and that he produced a purchaser, one Ploghaft, able, ready, and willing to purchase.   On the day when it is al-

leged that Ploghaft was in plaintiff's office ready to close, the defendant came in and said that he had reconsidered and would not sell.

A broker cannot recover commissions on the mere refusal of the owner to go on with negotiations. It is a necessary element of the broker's affirmative case for him to prove that the purchaser produced by him is ready, able, and willing to purchase on the terms given to the broker by his principal. Schnitzer v. Price, 122 App. Div. 409, 106 N. Y. Supp. 767; Alt v. Doscher, 102 App. Div. 344, 92 N. Y. Supp. 439; Inge v. McCreery, 60 App. Div. 557, 69 N. Y. Supp. 1052. The evidence here shows that Ploghaft, or his wife, did not have the purchase price. They had $2,100 in cash, and expected to raise the balance by a mortgage; but there was no proof whatever that they could do so. When no enforceable contract has been made between the seller and the buyer, but the seller who has employed the broker refuses to sell on the terms named by him, the broker must show as a prerequisite to recovery that the purchaser proposed by him is not only willing, but able, to purchase on the terms proposed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.