## BAUMANN v. NEVINS.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. BROKERS—REAL ESTATE—EXCHANGE—CONTRACT—FULFILLMENT.
   Where defendant employed the plaintiff, who was a real-estate broker, to effect an exchange of certain city property for a farm, and plaintiff produced a party with whom the defendant entered into a contract for the exchange, but such party had no title to the farm, though he claimed to have a contract for it, and was ready and willing to carry out the agreement, which defendant refused to do, the plaintiff was entitled to commission for effecting the exchange.

2. APPEAL—OBJECTIONS NOT MADE BELOW.
   Where evidence was objected to on the trial as not in rebuttal, the further objection that it was incompetent and immaterial cannot be urged on appeal.

   Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Adolph Baumann against Thomas Nevins. From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

F. E. Anderson, for appellant.
C. L. Greenhall, for respondent.

VAN BRUNT, P. J. This action was brought to recover commissions claimed by the plaintiff for procuring a contract for the exchange of certain property of the defendant at the corner of Fifth avenue and 134th street, New York City, for a farm situated at Boundbrook, Somerset county, N. J. The answer of the defendant consisted of a general denial, and a separate defense to the effect that the persons procured by the plaintiff to make the said contract with the defendant were never able to complete the same. It is claimed upon the part of the appellant that, there having been no binding, enforceable agreement for the exchange of property entered

into, the plaintiff was not entitled to recover commissions; and, further, that the plaintiff was not entitled to recover, because he had not shown that he had found a party not only willing, but able, to enter into the contract which he was authorized to negotiate.

Upon the questions as to the employment of the plaintiff by the defendant and the rendition of services a considerable quantity of evidence was taken, which was contradictory, and seems not to be reconcilable. The verdict of the jury, under such circumstances, must necessarily control, unless there was such a preponderance of evidence, or such a want of evidence, as that the court would be justified in setting aside that verdict. The evidence in the case shows that there were some negotiations between the plaintiff and the defendant, and, the jury having found that the plaintiff was employed to negotiate the exchange referred to in the complaint, it will not be necessary to consider the evidence as to such employment, because there was sufficient to justify the jury in finding that such employment had taken place.

The main question upon this appeal must necessarily be as to whether there was evidence sufficient to sustain a finding that such services were rendered by the plaintiff, and under such circumstances, as entitled him to his commission. Certain negotiations were had in respect to the exchange of this property, and a contract was entered into between the defendant and the persons whom it is claimed by the plaintiff he had procured for the purpose of effecting such exchange. It is urged upon the part of the appellant that the persons who contracted with the defendant had no title to the property in question, and one of the issues sharply litigated on the trial was as to whether they had a contract with the real owner of the farm in question, and whether the plaintiff was acting in good faith in the procuring of the contract between the defendant and the proposed purchasers. There was evidence from which the jury could find that Baumann and Miller, the proposed purchasers, had a contract with the owner of the farm; that they were at the place appointed for the closing of the contract ready to complete the same; and that the necessary money was there, although not in their hands, to be paid over upon the completion of their contract. It is true that this evidence was controverted by the defendant, who produced a witness who held the title to the property as to which they claimed to hold a contract, and he testified that no such contract existed. But the jury have found to the contrary, and there are circumstances surrounding the transaction which would seem to indicate that the story told upon the part of the defendant was not strictly accurate.

The claim upon the part of the appellant that, if it should be found that the defendant did not have title to the property under the form of the contract entered into, the plaintiff could not recover commissions, under the authority of Condict v. Cowdrey, 139 N. Y. 273, 34 N. E. 781, cannot prevail. In the case cited the court expressly found that the contract of employment was that unless the sale was carried through there would be no commissions. In the case at bar it was entirely immaterial to the plaintiff whether the defendant had title to the property or not. If the defendant em-

ployed him to effect the exchange, and he brought parties ready and willing so to do, and a contract was entered into binding upon them, it was an acceptance by the defendant of the purchasers proposed by the plaintiff, and he became entitled to his commission, entirely independent of the fact as to whether the defendant could convey or not. The plaintiff was not an insurer of the defendant's title. If he chose to employ a broker to dispose of property to which he had no title, and the broker brought purchasers who were acceptable to him, and a contract was entered into between them for the purchase, it was entirely immaterial to the broker as to whether his employer had title or not. His work was accomplished, and his commission did not depend upon the fact of the ability of his employer to carry out his contract. The provision in the contract in regard to the time for the completion of the purchase was entirely for his benefit, and his default in conveying the title could not defeat the plaintiff's claim for commissions. The learned court in its charge was particular to call attention to the fact that the plaintiff could not recover unless he acted in good faith, and that if he knew that the proposed purchasers would be unable to carry out their contract, although they were accepted by the defendant, he would not be entitled to his commission. This was certainly going as far in favor of the defendant as could possibly be claimed.

The point that the evidence of the witness Finck was incompetent and improperly received, over the objections made, does not seem to be well taken. The only objection made was that the evidence was not in rebuttal. There was no objection that it was incompetent or irrelevant. The question as to whether additional evidence shall be received, although not in rebuttal, is in the discretion of the trial court. The attention of the court was in no way called to the point that it was claimed to be incompetent or irrelevant.

There are various other exceptions contained in the record which it is not necessary to mention. The charge of the court was eminently fair. There was a sharp conflict of testimony, which the jury has resolved in favor of the plaintiff, and we see no reason for interfering with their conclusion.

The judgment and order should be affirmed, with costs.

RUMSEY and McLAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). I do not think that the evidence justified a finding that the plaintiff had performed the obligation upon which his right to recover commissions depends. He procured his brother and his brother's partner to sign a contract with the defendant by which the brother and his partner were to convey to the defendant a farm in New Jersey as a part consideration for a conveyance by the defendant of this property in question; but I think the evidence shows beyond a doubt that the persons signing this contract with the defendant never had the title to the farm, never made any contract for the purchase of the farm, and were never in a condition to fulfill the agreement to convey the farm to the defendant. The defendant certainly could not have compelled them to convey

a farm to him which they did not own, and over which they had no control, and it was to obtain this farm that the defendant was induced to execute the contract. I do not understand that a broker earns his commission by producing a person to sign a contract for an exchange of property when such person has no title to the property that he is to convey, and is manifestly unable to perform his contract. The whole evidence shows that the owner of this farm never contracted to convey to the parties who signed the contract to convey; that they never had authority from the real owner of the farm to promise to convey; and that it was never in their power to carry out their contract. I do not concur with the Presiding Justice in the statement of the rule that "if the defendant employed him [plaintiff] to effect the change, and he brought parties ready and willing to do so, and a contract was entered into binding them, it was an acceptance by the defendant of the purchaser proposed by the plaintiff, and he became entitled to his commission, entirely independent of the fact as to whether the defendant could convey or not." I do not understand that a broker complies with the terms of his employment until he brings a customer, not only ready and willing, but also able, to purchase the property upon the terms proposed; and the production of a person ready to sign a contract, but who was manifestly unable to perform it, does not comply with the conditions of employment under which the broker is entitled to recover his commissions. I do not concur, therefore, in the affirmance of this judgment.