## BROWN v. GRASSMAN.

(Supreme Court, Appellate Division, Second Department. July 17. 1900.)

BROKERS—COMMISSIONS—REFUSAL TO EXECUTE CONTRACT.

> Where defendant, through the effort of plaintiff, after examination of a parcel of land, executed a contract with its owner to exchange his realty for said parcel, but afterwards refused to execute the deed, plaintiff is entitled to his agreed commission, in the absence of evidence that it was dependent on the execution of the executory contract.

Appeal from municipal court, borough of Queens, Third district.

Action by Levi O. Brown against Henry Grassman for commissions. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Jacob Schauf, for appellant.
Charles S. Tabor, for respondent.

JENKS, J. The defendant appeals from a judgment of a municipal court in favor of plaintiff for a broker's commission. Through the offices of plaintiff, the defendant, after examination of a certain parcel of land, executed a contract with a third party to exchange his realty for the said parcel. The defendant agreed to pay to plaintiff a broker's commission of $50. The defendant refused to execute the contract for the reason that a frame house on adjacent premises sagged over the lot. There is no contention that the plaintiff assumed "to execute the executory contract of exchange," or that his commissions were dependent upon execution. Therefore the case is within the principle of Knapp v. Wallace, 41 N. Y. 477; Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091; Gilder v. Davis, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398. Diamond Co. v. Hartley (Sup.) 55 N. Y. Supp. 994, cited by the appellant, does not apply, for there the court determined that there was an entire absence of evidence that the parties to the transaction ever reached an agreement. The judgment must be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.