STARK H. INGE, Appellant, *v.* JAMES McCREERY, Respondent.

*Real estate broker — when he does not earn his commissions.*

A broker employed to effect a sale of real estate earns his commissions when he brings to the seller a buyer who is willing and ready to enter into an agreement with the seller for the purchase of the property on the terms which the seller has fixed and the seller is satisfied to accept him as a purchaser ; but when the broker, as a part of his employment, assumes to execute for his principal an executory contract of sale or exchange, he does not become entitled to his commissions unless the other contracting party is able to perform the contract on his part.

The introduction by the broker to his principal of a person who represents himself to be able and willing to comply with the terms and conditions named by the principal, but who, although he signs at the foot of a letter written by the principal stating such conditions, a memorandum to the effect that he agrees to purchase the property under the terms proposed, utterly fails to meet. the conditions, in consequence of which no sale results, does not entitle the broker to commissions.

APPEAL by the plaintiff, Stark H. Inge, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 15th day of November, 1900, upon the decision of the court rendered after a trial at the Kings County Special Term dismissing the complaint upon the merits.

*Louis O. Van Doren*, for the appellant.

*James MacGregor Smith*, for the respondent.

WOODWARD, J.:

This action was brought to recover broker's commissions upon the sale of certain property described in the complaint and belonging to the defendant. There is no substantial dispute that the plaintiff entered into a contract with the defendant in respect to a sale of this property, and it is agreed that the amount of the compensation was to be one per cent upon the amount of the purchase price of the property, which was to be $450,000. The plaintiff claims that the sum was due and payable upon his having brought a customer to the defendant who was willing to purchase the property under the terms and conditions mentioned by the defendant in a certain letter,

referred to upon the trial as a contract, written to one Wagner, the plaintiff's so-called customer. This letter merely mentions the terms and conditions under which the defendant is willing to sell. It was in evidence that this letter was procured from the defendant, not as expressing any contract between the parties, but for the purpose of enabling Wagner to use the same in promoting the sales of certain property he was supposed to have owned in Chicago, to the end that he might be in a condition to enter into the agreement proposed. It appears that Wagner was never able to comply with the terms suggested by the defendant, and he subsequently wrote a paragraph on the bottom of defendant's letter in which he agreed to purchase the property under the terms proposed. This so-called contract was sold to one Halter for certain mining stocks, and upon this basis the plaintiff claims the right to recover the commissions.

The defendant's theory of the case was that the contract between plaintiff and defendant was that the plaintiff should be paid his commissions in installments, $1,000 upon the purchaser taking title, another $1,000 upon the building (to be constructed under the provisons of a building loan) reaching a certain stage of completion, and so on until the entire sum had been paid. Wagner never complied with the terms proposed by the defendant, among which was the production of a bond of a surety company for $25,000 that he would comply with the provisions of the building loan, and the property was subsequently sold to Halter, though not under the provisions of the so-called contract which the latter had purchased from Wagner, the defendant having distinctly repudiated that proposition as having any binding force as a contract. There was a conflict of evidence upon the issue thus raised. The rule is well established in this State that where there is evidence to support the determination of the court the finding of fact is conclusive; but if the rule were otherwise, we should have no difficulty, upon a reading of the evidence, in concurring in the decision of Mr. Justice GAYNOR at Special Term, in which he says: "I do not think the commission was earned. It was not an undertaking on the part of the broker to get a purchaser to take the property and pay the money, it was more than that; he was to get someone to erect a large building, and for Mr. McCreery to make a builder's loan for that purpose. That contract was never made. It could not be until

the character of the building was determined and all the conditions respecting it agreed upon. That seems never to have occurred at all. This is all on the assumption that this underwriting to that letter was made at the meeting as the plaintiff says. The burden of proof is that he is mistaken in that; that it was never done at all, but when Wagner got in with Halter he added that to it and transferred it to Halter." The plaintiff himself admits that the agreement between himself and the defendant in reference to the payment of the commissions was as stated by the defendant, corroborated by his attorney, who was present when the agreement was made, but seeks to avoid the effect of this admission by claiming that it was made subsequent to the original contract of employment, and was, therefore, without any new consideration. This is a fair sample of the attitude of the plaintiff throughout the trial. The evidence, it seems to us, is conclusive that the plaintiff never brought to the defendant a person who was able and willing to take the defendant's property under the terms and conditions prescribed by the latter; Wagner never secured the $25,000 bond provided for by the terms of the letter and he refused to sign the contract proposed by defendant's attorney. The most that can be said of plaintiff's case is that he introduced to the defendant a man who represented himself to be able and willing to comply with the terms and conditions named by the defendant; that this person utterly failed to meet the conditions of sale imposed by the defendant, acting in a reasonable and prudent manner, and within the terms suggested to the broker, and that no sale of the premises resulted through the instrumentality of the plaintiff. The general rule is well established that where a broker is employed in reference to a sale or exchange of real estate, when he brings to the seller a buyer who is willing and ready to enter into an agreement with the seller for the purchase of the property on the terms which the seller has fixed, and the seller is satisfied to accept him as a purchaser, then the broker has earned his commission. But when a broker, as a part of his employment, assumes to execute for his principal an executory contract of sale or exchange, he does not become entitled to his commission unless the other contracting party is able to perform the contract on his part. (*Kalley* v. *Baker*, 132 N. Y. 1, 7, and authorities there cited.) The opinion of the court in *Crombie* v. *Waldo* (137 N. Y. 129), in connection

with the facts in that case, seems to be conclusive upon the point urged by the plaintiff in the case at bar, and as it fully sustains the view taken by the learned court at Special Term, nothing remains for this court except to affirm the judgment.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.