### THAIN v. PHILBRICK.

#### (Supreme Court, Appellate Term. October, 1901.)

BROKERS—RIGHT TO COMMISSIONS—TIME OF ACCRUAL.

A real estate broker's right to commissions is established when he brings to his employer a responsible person willing to buy on the prescribed terms, and a contract of sale is entered into between the parties, and does not depend on performance of the contract by the purchaser.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by John Thain against John A. Philbrick. Judgment dismissing complaint, and plaintiff appeals. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

William C. Wolf, for appellant.

Sackett & Lang, for respondent.

SCOTT, J. This is an action for broker's commissions on the sale of real estate. It was shown that the plaintiff was employed to effect a sale; that he found a purchaser, with whom the defendant made a written contract of sale. The complaint was dismissed on the ground that the plaintiff had failed to prove that the purchaser was able to carry out her contract of purchase. The evidence showed that the plaintiff found a purchaser willing to buy at the price fixed by the defendant, that the defendant took measures to satisfy himself of the responsibility of the proposed purchaser, and finally entered into a valid, enforceable contract in writing for the sale to her. The plaintiff had thus fully performed all the services necessary to entitle him to his commissions. The rule in such cases is well established. It is that the broker has earned his commissions when he brings to his employer a responsible purchaser willing to buy upon the terms prescribed, and that where, as in the present case, a contract of sale is entered into between the employer and the purchaser the right of the broker to his commissions has been established, and does not depend upon the performance of the contract by the purchaser. Gilder v. Davis, 137

N. Y. 504, 33 N. E. 599, 20 L. R. A. 398; Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542. Indeed, it has been held under similar circumstances that it is to be presumed that the purchaser was able, as well as willing, to carry out the contract. Hart v. Hoffman, 44 How. Prac. 168. The dismissal of the complaint was erroneous.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.