### CHARLES v. COOK et al.

(Supreme Court, Appellate Division, Second Department. November 25, 1903.)

1. REAL ESTATE AGENT—RATIFICATION OF ACTS—EXECUTION OF CONTRACT.

　　Where a husband entered into a contract with a broker to effect an exchange of real estate, the subsequent execution by the wife of a contract for an exchange with full knowledge of the facts operated as a ratification by her of plaintiff's acts in procuring the execution of the contract.

2. SAME—COMMISSIONS—EFFECTING PROPERTY EXCHANGE.

　　Where defendant employed plaintiff to effect an exchange of real property, and through plaintiff's procurement a contract for such an exchange was effected with a third party, but giving defendant the right

to inspect the property and accept or reject before a certain date, defendant having accepted according to the contract, plaintiff was entitled to his commissions, though the third party subsequently refused to complete the exchange.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Archibald Charles against Henry A. Cook and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James C. Van Siclen, for appellant.
George S. Billings, for respondents.

WOODWARD, J. The defendant Henry A. Cook employed the plaintiff, a broker, to effect for him an exchange of real estate, and as a result of the plaintiff's efforts a written contract was entered into on March 31, 1903, between the said defendant, the defendant Elizabeth Cook, his wife, and one Travis F. Jones, whereby it was agreed that the defendants should exchange a certain flat house situated on Washington avenue, Brooklyn, for a farm owned by the said Jones in the state of Illinois. The contract contained this provision: "It being further understood and agreed that the party of the first part [the defendants] shall have until April 6th 1903 to inquire about the Illinois property and shall accept or reject this contract by April 6th 1903 or it shall be in full force and binding to both parties hereto." About the 1st of April, 1903, the defendant Henry A. Cook went to Fairfield, Ill., where the farm offered by Jones was situated, and inspected the property. On April 6, 1903, he telegraphed the plaintiff from that place: "Accept exchange of Washington Ave. for Illinois farm." On the same day a similar telegram was also sent to and received by Jones, and the plaintiff on that day personally informed Jones that he had received a telegram accepting the contract. This was a sufficient acceptance under the contract, and was recognized as such by the defendant Elizabeth Cook when she executed, with her husband, a deed of the property to Jones. The execution of the contract for the exchange of the properties by the defendant Elizabeth Cook with full knowledge of the facts operated as a ratification of the acts of the plaintiff. It appears that Jones failed to fulfill his part of the contract, but that fact does not affect the rights of the parties to this action as between themselves. When a valid contract was entered into between Jones and the defendants, the plaintiff's commissions were earned. The rule governing transactions of this kind between a broker and his client is well stated in Norton v. Genesee National Savings Ass'n, 57 App. Div. 520, 522, 68 N. Y. Supp. 32. "The ordinary rule," says Mr. Justice Laughlin, writing the opinion in that case, "is that, in the absence of an express agreement to the contrary, a real estate broker employed to effect an exchange of real estate is entitled to his commissions where, through his procurement, a contract for the exchange of properties has been agreed upon and entered into between his customer and the person with whom the exchange was to be effected, even though one of the parties be unable

to fulfill the contract." To the same effect are Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542; Gilder v. Dais, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398; Inge v. McCreery, 60 App. Div. 557, 69 N. Y. Supp. 1052; Brown v. Grassman, 53 App. Div. 640, 65 N. Y. Supp. 1126; Baumann v. Nevins, 52 App. Div. 290, 65 N. Y. Supp. 84. The contract between the parties to this action was the ordinary one to effect an exchange, with no agreement, express or implied, to execute or carry to a consummation by actual transfer of properties an executory contract. Inge v. McCreery and Norton v. Genesee National Savings Ass'n, supra. There are no peculiar circumstances to deprive the plaintiff of the benefit of the general rule, and it follows that he was entitled to judgment upon proof of the facts above narrated. The trial court therefore erred in dismissing the complaint, and the judgment should be reversed, and a new trial ordered. All concur.