## TIECK v. McKENNA.

(Supreme Court, Appellate Division, Second Department. November 21, 1906.)

1. BROKERS—ACTIONS FOR COMPENSATION—AGENCY FOR BOTH PARTIES—DISCLOSURE—EVIDENCE—SUFFICIENCY.

In an action against party to a contract of exchange of property for services rendered by a broker in procuring execution of the contract, evidence examined, and *held* to show disclosure to defendant by broker of his agency for the other party also.

2. SAME.

Where a broker was employed by both parties to a contract of exchange of property, neither could refuse compensation, in the absence of express agreement to the contrary, where he had knowledge that the broker, in whom no discretion was left or trust reposed, was also in the employ of the other party.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 54.]

3. SAME—RIGHT TO COMPENSATION—NECESSITY OF WRITTEN AUTHORITY.

Section 640d of the Penal Code (Laws 1901, p. 312, c. 128), making the offering of real property for sale without written authority from the agent or his attorney in fact a misdemeanor, being unconstitutional, does not preclude a broker having no written authority from either party to a contract for the exchange of property from recovering commissions for procuring the execution of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 44.]

4. SAME—NONCOMPLETION OF CONTRACT—FAILURE TO PERFORM.

A broker's right to commissions for procuring the execution of a contract for exchange of property, being absolute when the written contract of exchange was entered into, was not affected by the noncompletion of the contract, caused by inability or unwillingness of one of the parties to perform.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 94, 96.]

5. SAME—SUFFICIENCY OF EVIDENCE—QUESTIONS FOR JURY.

In an action for services rendered by a broker, evidence examined, and *held* to require submission to the jury of the question whether defendant employed the broker to perform services rendered.

Appeal from Trial Term, Kings County.

Action by Gustav J. E. Tieck against Thomas P. McKenna. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

S. Livingston Samuels, for appellant.

Max D. Steuer, for respondent.

RICH, J. The plaintiff is the assignee of one Solomon Marcus, a real estate broker, and the action is brought to recover commissions for the services of the latter, rendered as such broker, to the defendant. The record discloses, during the direct examination of a witness called by the plaintiff in rebuttal, and apparently before its conclusion, the following:

"The Court: We have been all over this before. I have made up my mind what I am going to do with this case. I am going to direct a verdict in favor of the defendant, as the evidence stands now, if I am asked to.

"Mr. Samuels: May I ask on what ground?

"The Court: Yes; on the ground that the plaintiff's assignor was the broker for Mr. Oppenheimer and did not disclose it to Mr. McKenna.

"Mr. Samuels: With that intimation, then, I will rest now. We rest, your honor.

"The Court: That is one of the grounds. Of course, there is this other ground as to the legality of the statute, and as to whether it affects this situation; and then there is the other ground as to whether or not the agent brought to McKenna a person who was willing and able to perform. On those three grounds, if you rest and the other side rest—

"Mr. Samuels: Well, on the ground of ability to perform.

"The Court: You have asked me my reasons, and I have given them to you as soon as I have made up my mind about them.

"Mr. Samuels: I don't want to argue. I thought I might offer more testimony on the question of ability to perform, which is something new, and your honor makes that a ground of dismissal. If that is not made a ground of the dismissal, I don't care to offer any evidence.

"The Court: You may ask as to his ability to perform." ·

Counsel then proved by the witness that when he purchased the property he had the title searched; that there were no liens upon it, except the mortgage of $61,000; and that while he was the owner there no liens were created upon it by way of judgment, mortgage, or anything of that kind, and rested the case. Counsel for the defendant then moved for the dismissal of the complaint, or the direction of a verdict, upon the three grounds stated by the court, and the two additional grounds that the plaintiff has failed to establish a cause of action and that there is no proper or legal proof of any measure of reasonable value for the services. The court directed the jury to find a verdict in favor of the defendant of no cause of action, to which direction the plaintiff duly excepted.

As there was no indication by the court in its final disposition of the case as to which of the grounds stated it based its action upon, we have deemed it advisable to consider them seriatim. The court was in error in assuming that Marcus did not disclose to the defendant the fact that he was acting as a broker for Mr. Oppenheimer. The evidence was to the contrary, the defendant himself testifying:

"I knew that Mr. Marcus was going to charge Mr. Oppenheimer a commission for the sale of his property, which is proper. He said he was his client, and he was his agent."

When a broker is employed by both the vendor and the purchaser, neither can refuse compensation if he had knowledge that the broker held the same relation to the other party. Jarvis v. Schaefer, 105 N. Y. 289, 11 N. E. 634. The evidence does not disclose that Marcus was authorized to fix the value of the properties to be exchanged, or to make any agreement with reference thereto that would bind the parties. No discretion was left to him, and no trust was reposed in him. All the details of the exchange were determined and agreed upon by the parties themselves. Under such circumstances, and in the absence of an express agreement to the contrary (which, if it existed, as testified to by the defendant and denied by Marcus, presented a question to be determined by the jury), Marcus was entitled to receive, and his assignee could compel, payment for his services by both parties. Norton v. Genesee National Savings & Loan Association, 57 App. Div. 520, 68 N. Y. Supp. 32.

2. That Marcus did not have written authority from Oppenheimer or the defendant to represent them in an exchange of properties, if required as a condition to the validity of the agreement to which the plaintiff testified; by the provisions of section 640d of the Penal Code (Laws 1901, p. 312, c. 128), furnished no ground for the direction of the verdict. This court held that section unconstitutional (Grossman v. Caminez, 79 App. Div. 15, 79 N. Y. Supp. 900), and, while our attention is directed to the fact that the Appellate Division of the First Department has differed with us, we still adhere to our views expressed in that action.

3. The direction of the verdict was not warranted by the evidence of noncompletion of the contract entered into between Oppenheimer and the defendant. If it be true that the former was not able or willing to perform, such fact does not prevent the plaintiff's recovery, in the absence of an express agreement to that effect. The right of Marcus to compensation became absolute when, through his efforts, the written contract of exchange was entered into between Oppenheimer and the defendant, if the agreement testified to by him was made by the defendant. Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542; Norton v. Genesee National Savings & Loan Association, supra; Charles v. Cook, 88 App. Div. 81, 84 N. Y. Supp. 867. If this were not so, the evidence that there were no liens upon the property of Oppenheimer, preventing his transfer of the title which he had undertaken to transfer to the defendant by his contract, made the question one of fact for the jury.

4. There was sufficient evidence of the value of the services of Marcus to take the question to the jury.

5. Whether or not the plaintiff had established a cause of action depended entirely upon the determination of the question whether the defendant had employed Marcus to render the services for which the plaintiff sought to recover. The testimony of Marcus, if believed by the jury, was sufficient to establish such agreement, and that there was no understanding, nor was he at any time prior to the rendition of his services informed, that the defendant was to pay no commissions. On the other hand, the defendant testified that there was no such agreement, and that it was understood and specifically agreed that, if he entered into the contract with Oppenheimer, he was to pay no commissions to Marcus. These were questions of fact to be determined by the jury, and should have been submitted to them.

The action of the trial justice in taking the case from the jury and directing a verdict for the defendant was erroneous, and the judgment appealed from must be reversed, and a new trial granted; costs to abide the event. All concur.