JAMES L. BUNNELL, Respondent, *v.* ELVERTON R. CHAPMAN, Appellant.

First Department, December 29, 1916.

**Principal and agent — broker's actions for commissions for procuring purchaser — pleading — complaint — when necessary to allege that purchaser was able and willing to perform contract.**

A broker employed to secure a purchaser for goods need not, in an action against his principal to recover commissions, allege that he procured a customer who was ever ready, able and willing to purchase if his principal entered into an unconditional contract of sale with the purchaser. But where the principal's contract of sale provided that before the sale was consummated the purchaser must procure satisfactory guaranties of his readiness and ability to complete the purchase on the terms stipulated, the rule aforesaid does not apply and the broker suing for commissions must allege and prove that the purchaser was ready, willing and able to complete the purchase on the terms stipulated by the vendor.

First Department, December, 1916.            [Vol. 175.

APPEAL by the defendant, Elverton R. Chapman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of August, 1916, overruling his demurrer to the amended complaint, and also from an order entered in said clerk's office on the 14th day of August, 1916, denying his motion for a reargument and to set aside the prior order.

*Leon O. Bailey* of counsel [*Huntington W. Merchant* with him on the brief], for the appellant.

*Alton B. Parker,* for the respondent.

SCOTT, J.:

This appeal is from an order overruling a demurrer to an amended complaint. We had occasion to consider and discuss the original complaint on an appeal from an order overruling a demurrer to it. For the reasons stated in an opinion by Mr. Justice LAUGHLIN we came to the conclusion that the complaint as then framed was insufficient (173 App. Div. 108). We have no intention to rediscuss the questions then considered and determined by us, and shall confine ourselves to considering whether the plaintiff by his amended complaint has met the deficiencies found in the original pleading. The action is to recover commissions or compensation for procuring a purchaser for a large quantity of rifle cartridges which defendant wished to dispose of. The sale was never consummated, although a conditional agreement for a sale was made between defendant and a purchaser procured by plaintiff, the conditions being that each party to the contract of sale should furnish stipulated guaranties of his ability to complete the sale. There was no allegation in the original complaint, and there is none in this that the proposed purchaser was ever ready, able and willing to perform his contract of purchase and this was considered on the former appeal to be fatal to the plaintiff's cause of action. He then contended, as he does now, that such an allegation is unnecessary because defendant accepted the purchaser and entered into a formal contract with him.

If the written contract of purchase between defendant and

the proposed purchaser had been a firm and unconditional one whereby the defendant agreed absolutely to sell, and accepted the purchaser without condition or qualification, the broker would undoubtedly have been relieved from the necessity of alleging and proving that the purchaser was ready, able and willing to complete the purchase, for it would be presumed that the seller had satisfied himself on these points before entering upon a formal contract of sale. (*Kalley* v. *Baker*, 132 N. Y. 1; *Gilder* v. *Davis*, 137 id. 504.) This presumption as to the seller's satisfaction with and acceptance of the proposed purchaser goes no further, however, than can be fairly drawn from the contract entered into by him, and when by that contract itself it is stipulated that the purchaser, before the sale is consummated, shall produce satisfactory guaranties of his readiness and ability to complete the purchase upon the terms stipulated, it cannot be said that the seller by entering into such a contract has conclusively accepted the purchaser as one who is ready, willing and able to complete. In such a case, which is the one presented here, it is still necessary for the broker, where no sale has actually been carried through, to allege and prove, in order to recover his commissions from the seller, that the purchaser whom he produced was ready, willing and able to complete the purchase on the terms stipulated by the vendor. It is here that the present complaint fails, as did the former one. With respect to the former complaint Mr. Justice LAUGHLIN said: "It is, therefore, incumbent on plaintiff to allege and prove readiness, willingness and ability on the part of McPherson to perform, which he has not done, *and* default on the part of defendant, before he can recover, excepting according to the terms of the contract, which would require proof of payment of part of the purchase price, at least by McPherson, to entitle plaintiff to recover anything." The same defect in the complaint thus pointed out by Mr. Justice LAUGHLIN is still apparent in the amended complaint, which is for that reason quite as objectionable as was the original pleading. So far as this defect is concerned, it is not met or overcome by any of the amendments.

The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and the demurrer sustained, with

ten dollars costs, and judgment ordered thereon in favor of defendant, with costs.

CLARKE, P. J., McLAUGHLIN, SMITH and PAGE, JJ., concurred..

Order reversed, with ten dollars costs and disbursements, demurrer sustained, with ten dollars costs, and judgment ordered thereon, with costs.