FOURTH DEPARTMENT, JANUARY, 1925.

SAMUEL P. LICATA, Appellant, v. CLARA STEPHENS ALLEN and Others, Respondents.

*Brokers — real estate brokers — action for commissions* — *broker is entitled to commissions on execution of contract of sale and purchase by owner and parties procured by broker — no authority shown in one defendant to employ broker for other defendants.*

Appeal from a judgment of the Supreme Court in favor of the defendants, entered in the Monroe county clerk's office May 29, 1924, granting the defendants'

* See Real Prop. Law, § 442-e, as added by Laws of 1922, chap. 672; since amd. by Laws of 1924, chap. 579.— [REP.

motion for a nonsuit at the close of the plaintiff's case upon a trial at the Monroe Trial Term.

PER CURIAM: A *prima facie* case for plaintiff's commissions as a real estate broker against the defendant Meals was made out. The employment of defendant Meals was admitted in the answer. A contract of sale and purchase was entered into between him and certain third parties who had been brought to him by the plaintiff. Plaintiff's commissions were fixed by agreement as three per cent of the purchase price. The nonsuit as to Meals was, therefore, erroneous. (*Colvin* v. *Post Mortgage & Land Co.*, 225 N. Y. 510; *Gilder* v. *Davis*, 137 id. 504; *Charles* v. *Cook*, 88 App. Div. 81.) As to the other defendants there was a failure to prove any direct employment of plaintiff or any authority on the part of the defendant Meals to employ the plaintiff as a broker on behalf of such other defendants. As to them, therefore, the nonsuit was proper. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ. Judgment reversed on the law as to the defendant Meals and a new trial granted as to said defendant, with costs to appellant to abide event, and judgment affirmed, with costs as to the other defendants.