JACQUES GELARDIN, Respondent, *v.* FLOMARCY COMPANY, INC., Appellant.

First Department, February 11, 1944.

*Louis B. Brodsky* of counsel (*D. & J. Freiberger,* attorneys), for appellant.

*Eli J. Blair* of counsel (*Sidney B. Cardozo* with him on the brief; *Cardozo & Nathan,* attorneys), for respondent.

CALLAHAN, J. Plaintiff has recovered a judgment for broker's commissions on the sale of 4,000 tons of sugar for the account of defendant to a customer procured by plaintiff. The action proceeded on the theory that an enforcible contract for the sale of the sugar had been entered into and, therefore, the commissions were due and payable.

Plaintiff did not plead or prove that the customer was ready, able and willing to buy at the terms specified. He claims that the existence of the contract of sale relieved him of the necessity of proving these things. The negotiations between plaintiff, representing defendant as seller, and the customer who was a merchant in the Near East, were by cable. The trial court held that the cables evidenced a binding contract of sale.

For the purpose of this appeal we will assume that that ruling was correct. Nevertheless we are constrained to hold that plaintiff did not establish the right to recover his commissions.

Throughout the negotiations there was imposed a condition that the buyer should post an irrevocable letter of credit before the defendant was required to ship the sugar. In fact plaintiff's complaint alleged that one of the terms of the sale was that such a letter of credit in favor of defendant, issued by a first-class New York bank, was to be opened within a week from April 3, 1941. Concededly no such letter of credit was ever opened. The time for delivery of the sugar was originally fixed as the month of April, 1941, and later extended to include the month of May, 1941. The customer had funds in New York, but they were in blocked accounts. After several futile attempts to have the accounts unblocked, the customer came here in June, 1941, and then, for the first time, made a suggestion that he would pay cash for the sugar.

On the proof we are required to hold that there was no timely compliance by the customer with the condition imposed by the contract of posting a letter of credit. The trial court so ruled; and we deem properly so. The trial court erred, however, in ruling that the right to commissions became fixed because of the existence of a contract of sale, despite the failure of the customer to post the letter of credit.

Ordinarily a broker is entitled to his commissions when the buyer and seller have entered into an enforcible contract of sale of the property which is the subject of the broker's employment. Under such circumstances the broker is relieved of the necessity of showing that the proposed buyer is ready, willing and able to purchase on the terms fixed. This is because the seller is presumed to have satisfied himself on this point before entering into a formal contract of sale.

The presumption mentioned arises only when the contract is a firm and unconditional one whereby the seller agrees absolutely to sell, and has accepted the purchaser without condition or qualification. Where it is to be fairly drawn from the contract itself that the purchaser, before the sale is consummated, shall produce satisfactory guarantees of his readiness and ability to complete the purchase, it cannot be said that the seller by entering into such a contract has conclusively accepted the purchaser. In such a case the broker, in order to recover his commissions, must prove that the purchaser was ready, able and willing to produce the guarantees required, or to complete the sale on the terms imposed by the seller. (*Bunnell* v. *Chapman,* 175 App. Div. 855, affd. 221 N. Y. 495.)

In the present case the plaintiff neither pleaded nor proved the readiness and ability of the customer to post the letter of credit within the time limited, and this was unquestionably a condition precedent to his acceptance as a purchaser. Therefore, it must be held that plaintiff may not recover commissions.

The judgment and the order should be reversed, with costs, and the complaint dismissed on the merits, with costs.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment and order unanimously reversed, with costs, and the complaint dismissed on the merits, with costs.